UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| SUTTON PLACE 1 TOWNHOUSE C/O DANA PROPERTIES, Plaintiffs, | § § § § § § § § § § § | CIVIL ACTION NO: 3:22-cv-00164 |
| v. | | JURY DEMANDED |
| AMGUARD INSURANCE COMPANY D/B/A BERKSHIRE GUARD INSURANCE CO., Defendant. | | |

**DEFENDANT AMGUARD INSURANCE COMPANY'S NOTICE OF REMOVAL**

Defendant AmGuard Insurance Company ("AmGuard") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

1. This lawsuit arises from a claim made by the Plaintiffs under a Texas Business Owners' Insurance Policy issued by Defendant, AmGuard to Plaintiffs. Plaintiffs filed a claim with AmGuard. AmGuard denied the claim. Plaintiffs filed this lawsuit alleging breach of contract, breach of the duty of good faith and fair dealing, noncompliance with §541 and §542 of the Texas Insurance Code, actual damages, enhanced statutory damages, exemplary damages, and attorney fees against Defendant, alleging Defendant wrongfully denied their claim.

## II. PROCEDURAL BAKGROUND

2. AmGuard first received a copy of Plaintiff's' Original Petition in the 448th Judicial District Court of El Paso County, Texas, in Cause No. 2021DCV3867 (the "State Court Action") on or about April 11, 2022. *See* Exhibit C, Service of Process. AmGuard filed its original answer on May 3, 2022. *See* Exhibit E.

3.     AmGuard removed this action on the basis of diversity of citizenship jurisdiction on May 6, 2022, within the thirty-day statutory time period for removal pursuant to 28 U.S.C. Section 1446(b).

### III.   BASIS FOR REMOVAL

**A.     Complete Diversity of Citizenship Exists Between the Properly Joined Parties.**

4.     AmGuard is not a Texas citizen. It is incorporated in Pennsylvania with its principle place of business in Pennsylvania.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), AmGuard is a citizen of Pennsylvania.

5.     The Plaintiff is an individual business in El Paso County in El Paso, Texas. *See* Exhibit D, Plaintiffs' Original Petition.

6.     For the purposes of establishing diversity, an incorporated entity is considered a citizen of the state of incorporation and citizen of the state in which it maintains its principal place of business. *See Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Therefore, AmGuard is a citizen of the State of Pennsylvania for the purpose of establishing citizenship under 28 U.S.C. § 1332(c).

7.     Removal is proper pursuant to 28 U.S.C. § 1332 because complete diversity exists between the parties, both at the time the lawsuit was filed and at the time of removal.

8.     The amount in controversy at the time of removal, exclusive of interest and costs, exceeds $75,000.00.  When a plaintiff's pleadings do not allege a specific amount of damages, as is the case here, the removing party must only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1]  This burden may be satisfied by the removing defendant showing it is facially apparent that the plaintiff's claims exceed the jurisdictional

---

[1] *See DeAguilar v. Boeing Co*., 11 F.3d 55, 58 (5th Cir. 1993).

amount or by setting forth facts and disputes supporting a finding that the jurisdictional amount is satisfied.[2] In a letter dated April 1, 2021, Plaintiff alleged

> The specific amounts owed by the Insurer on the claim for wind damage to the covered property are found in an estimate of damages. This estimate reflects damage to the covered property in the covered amount (minus applicable deductible, attorney's fees and expense) of **$1,010,052.82.** [3]

9. While Plaintiff's petition is silent as to the amount claimed, the Court must take into consideration the allegations and the demand.

10. Here, Plaintiff's petition plainly alleges Damages sought by Plaintiffs to include the categories of damages in Plaintiff's demand, which Plaintiff values at more than one million dollars. For statutory violations, Plaintiffs seek three times actual damages.[4] In addition to the policy benefits, Plaintiffs seeks attorneys' fees under the Texas Civil Practices and Remedies Code.[5] Thus, taking Plaintiff's total allegations of damages, the amount in controversy exceeds the $75,000 requirement of 28 U.S.C. § 1332(a).

11. Attorneys' fees and penalties are included as part of the amount in controversy.[6] As such, this further supports the conclusion the amount in controversy exceeds $75,000. The evidence before this Court demonstrates the amount in controversy at the time of removal is as an amount in excess of $75,000.00.

12. Because complete diversity exists among the parties, and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

---

[2] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
[3] Exhibit F, Demand Letter at 2.
[4] Exhibit D, Plaintiffs' petition at ¶ "PRAYER", 11.
[5] Exhibit D, Plaintiffs' petition at ¶ 49 and 50, 11.
[6] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998) (diversity jurisdiction found to exist when policy limits, plus statutory penalties, exceeded $75,000).

13. AmGuard's removal was not effectuated more than one (1) year after commencement of the State Court Action.

14. In compliance with 28 U.S.C. § 1446(d), Defendant AmGuard hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

        Respectfully submitted,

        MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

        By: *s/ Christopher W. Martin*

        **Christopher W. Martin**
        State Bar No. 13057620
        Email: martin@mdjwlaw.com
        808 Travis, Suite 1100
        Houston, Texas 77002
        Telephone: (713) 632-1700
        Facsimile: (713) 222-0101

        **ATTORNEY-IN-CHARGE FOR DEFENDANT, AMGUARD INSURANCE COMPANY**

**OF COUNSEL:**

Jamie P. Cooper
Texas Bar No. 24027603
Federal I.D. 34510
E-Mail: cooper@mdjwlaw.com
Paul W. Bishop III
Texas Bar No. 24107708
Federal I.D. 3234185
E-mail: bishop@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
11467 Huebner Road, Suite 175
San Antonio, Texas 78230
Telephone: (214) 298-2442
Facsimile: (214) 298-2479

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on May 6, 2022.

Cristobal M. Galindo       *Via E-service:* Stormcase@galindolaw.com
CRISTOBAL GALINDO, P.C.
4151 Southwest Freeway, Suite 602
Houston, Texas 77027
***ATTORNEY FOR PLAINTIFF***

            */s/Jamie P. Cooper*
            Jamie P. Cooper