UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SUTTON PLACE 1 TOWNHOUSE C/O DANA PROPERTIES,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | EP-22-CV-00164-DCG |
| **AMGUARD INSURANCE COMPANY D/B/A BERKSHIRE GUARD INSURANCE CO.,** | § § § § | |
| *Defendant*. | § § | |

### ORDER REQUIRING PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION OR FILE AN AMENDED PLEADING

On July 22, 2022, Defendant moved for a more definite statement under Federal Rule of Civil Procedure 12(e), or, in the alternative, to dismiss the above-captioned case under Federal Rule of Civil Procedure 12(b). Mot., ECF No. 11.

Under Western District of Texas Local Rule CV-7(d)(2), Plaintiff's deadline to respond to the Motion was August 5, 2022. *See* W.D. TEX. L.R. CV-7(d)(2) (providing that a response to a motion other than a discovery or case management motion "shall be filed not later than 14 days after the filing of the motion"). Plaintiff did not respond to the Motion by that date. Nor did Plaintiff move to extend the August 5, 2022 deadline.

Plaintiff had an alternative to responding to the Motion. Western District of Texas Local Rule CV-15(a) provides: "Notwithstanding the time limits provided in Rule CV-7, a party may respond to a first motion under Federal Rule of Civil Procedure 12(b) by filing an amended pleading as a matter of course not later than 21 days after the filing of the motion." W.D. TEX. L.R. CV-15(a). The instant Motion is the first Rule 12(b) motion that Defendant has filed in this

case, so Plaintiff could have filed an amended pleading by August 12, 2022 in lieu of a response. Plaintiff did not do so. Nor did Plaintiff move to extend the August 12, 2022 deadline.

Notably, this is not the first time Plaintiff failed to comply with this Court's deadlines. On June 30, 2022, the Court ordered Plaintiff to show cause why it did not replead its complaint by June 21, 2022 as this Court's "Standing Order to Replead in Removal Cases" requires. Order Show Cause, ECF No. 7; *see also* Standing Order Replead in Removal Cases, ECF No. 3. Plaintiff's Counsel responded that he "failed to timely replead by way of complaint in that the calendar entry regarding such requisite filing was incorrectly noted on [his] internal docketing system." Resp. Show Cause Order, ECF No. 9. The Court accepted Counsel's explanation and discharged its Order to Show Cause. Order Discharging Order Show Cause, ECF No. 10. The Court finds it concerning that Plaintiff's Counsel nonetheless continues to disregard this Court's orders and procedural rules.

Because Plaintiff failed to respond to Defendant's motion to dismiss, the Court could grant the Motion as unopposed. *See* W.D. TEX. L.R. CV-7(d)(2) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."); *Wiley ex rel. C.S.B. v. Dunbar*, No. 6:20-CV-01059, 2021 WL 4622424, at *1–3 (W.D. Tex. July 28, 2021). However, to protect Plaintiff from losing rights due to its Counsel's errors, the Court prefers to decide the Motion on the merits rather than dismissing the case due to a procedural default.

The Court therefore **ORDERS** Plaintiff to **EITHER:**

(1)   respond to "Defendant's Rule 12(e) Motion for More Definite Statement, or in the Alternative, Motion to Dismiss Under Rule 12(b)(6)" (ECF No. 11); **OR**

(2)   file an amended pleading;

by **August 29, 2022**.  If Plaintiff fails to do so, the Court will consider dismissing Plaintiff's complaint for want of prosecution.

The Court **WARNS** Plaintiff's Counsel that the Court will not tolerate future failures to comply with this Court's deadlines.  If Counsel needs additional time to meet a deadline in this case for personal or other reasons, the Court will gladly consider such a request, but Counsel must move for an extension before the deadline expires rather than allowing it to lapse.

**So ORDERED and SIGNED this 15th day of August 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**