UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SUTTON PLACE 1 TOWNHOUSE C/O** | § | |
| **DANA PROPERTIES**, | § | |
| | § | |
| *Plaintiff,* | § | |
| **v.** | § | |
| | § | **EP-22-CV-00164-DCG** |
| **AMGUARD INSURANCE COMPANY** | § | |
| **D/B/A BERKSHIRE GUARD** | § | |
| **INSURANCE CO.**, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER REQUIRING PLAINTIFF TO RETAIN LOCAL COUNSEL

Western District of Texas Local Rule AT-2 provides:

A judge presiding has discretion to require, upon notice, that an attorney who resides outside the district designate as local counsel an attorney who is licensed in this court and maintains a law office in this district. Local counsel must have authority to act as attorney of record for all purposes, and must be prepared to present and argue the party's position at any hearing or status conference called.

The Court takes judicial notice that Plaintiff's Counsel's law firm, Galindo Law, has offices in Houston, TX; Nederland, TX; Monrovia, CA; and Denver, CO, none of which is located in the Western District of Texas. Plaintiff does not currently have local co-counsel. The Court opts to exercise its discretion to order Plaintiff to retain local counsel under Rule AT-2.

The Court thus **ORDERS** Plaintiff to **RETAIN** local counsel in accordance with Western District of Texas Local Rule AT-2 **as soon as possible**, but in no event later than **September 16, 2022**.

So ORDERED and SIGNED this 16th day of August 2022.

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**