UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SUTTON PLACE 1 TOWNHOUSE C/O DANA PROPERTIES,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | EP-22-CV-00164-DCG |
| **AMGUARD INSURANCE COMPANY D/B/A BERKSHIRE GUARD INSURANCE CO.,** | § § § § | |
| *Defendant.* | § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

Plaintiff Sutton Place 1 Townhouse c/o Dana Properties claims that Defendant AmGuard Insurance Company d/b/a Berkshire Guard Insurance Co. unlawfully refused to pay certain losses under a commercial insurance policy. Compl., ECF No. 8. AmGuard moves to dismiss Sutton Place's Complaint under Federal Rule of Civil Procedure 12(b)(6).[1] Mot., ECF No. 11. For the following reasons, the Court **GRANTS** the Motion **IN PART** and gives Sutton Place **14 days** to amend its Complaint.

---

[1] In the alternative, AmGuard moves for a more definite statement under Federal Rule of Civil Procedure 12(e). *See generally* Mot. Under Rule 12(e), a party may "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "Rule 12(e) motions are generally disfavored and are used 'to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.'" *Chartis Specialty Ins. Co. v. Tesoro Corp.*, 930 F. Supp. 2d 653, 661 (W.D. Tex. 2013) (quoting *Davenport v. Rodriguez*, 147 F. Supp. 2d 630, 639 (S.D. Tex. 2001)). As the Court explains below, the Complaint's chief defect is not that it's unintelligible, but that it lacks enough well-pleaded allegations to support Sutton Place's claims. The Court thus **DENIES** the Motion **IN PART** to the extent AmGuard moves for a more definite statement under Rule 12(e). In any event, the Court affords Sutton Place an opportunity to amend its complaint below, so Sutton Place will have an opportunity to supplement its allegations with the specificity AmGuard needs to respond to Sutton Place's claims. *See infra* Section II.G.

## I. BACKGROUND

**A. Factual Allegations**

The Court adapts the following factual background from Sutton Place's Complaint.[2] As it must, the Court assumes all well-pleaded allegations in the Complaint are true. *See, e.g.*, *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

Sutton Place owns certain commercial property located at 500 Thunderbird St., El Paso, TX, 79912 (the "Property"). Compl. at 2.[3] AmGuard issued Sutton Place an insurance policy that, according to Sutton Place, covers storm damage to the Property (the "Policy"). *Id.* at 3–4. Sutton Place has not attached a copy of the Policy to its Complaint.

Hail and windstorms damaged the Property on or about May 20, 2019, and again on or about August 27, 2019. *Id.* at 3. Sutton Place reported these losses to AmGuard on an unspecified date. *Id.*

According to Sutton Place, AmGuard "failed to timely and adequately tender payment under the Policy." *Id.* Sutton Place thus asserts the following claims against AmGuard:

(1) Breach of contract;

(2) "Bad faith claims adjusting;"

---

[2] Sutton Place urges the Court to also consider a Notice Letter that Sutton Place sent to AmGuard on November 1, 2021, which Sutton Place attached as an exhibit to its Response to the Motion. Resp., ECF No. 14, at 2–3; Notice Letter, ECF No. 14-2. Setting aside the question of whether the Court should consider documents that Sutton Place did not attach to its operative pleading, *see* FED. R. CIV. P. 10(c) ("A copy of a written instrument that is an exhibit *to a pleading* is a part of the pleading for all purposes.") (emphasis added), the Notice Letter appears to relate to a different set of insurance claims than those at issue in the Complaint, *compare* Compl. at 3 (complaining that AmGuard "failed to timely and adequately tender payment" for losses "caused by . . . hail and windstorms" that occurred on "*May 20*, 2019 and *August 27*, 2019") (emphasis added), *with* Notice Letter at 2–3 (seeking compensation for losses caused "by a windstorm/Hurricane event" that occurred "[o]n or about *September 07*, 2019 and *December 06*, 2019") (emphasis added). Thus, the Notice Letter appears not to bear on Sutton Place's claims in this lawsuit.

[3] References to page numbers in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than to the cited document's internal pagination.

    (3)       "Negligent claims adjusting;"

    (4)       Intentional infliction of emotional distress; and

    (5)       Negligent infliction of emotional distress.

*Id.* at 4–5.  Sutton Place also contends that AmGuard violated Sections 542.057, 542.058,[4] and 541.152 of the Texas Insurance Code.  *See id.* at 3–5.  Sutton Place seeks damages, statutory penalties, fees, costs, and a judgment declaring that the Policy covers Sutton Place's losses.  *Id.* at 4–5.

## II.    ANALYSIS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must accept the complaint's well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff.  *George*, 36 F.4th at 619.  The Court need not, however, accept the complaint's *legal conclusions* as true.  *Iqbal*, 556 U.S. at 678.  Nor are *conclusory* factual allegations entitled to the presumption of truth.  *E.g.*, *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

---

[4] Technically, the Complaint cites Texas Insurance Code § *541*.058, *see* Compl. at 3–5, which "defines certain practices that are not considered to be discrimination or inducement" under the Code's provisions governing (1) unfair discrimination in life insurance and annuity contracts and (2) prohibited rebates and inducements.  *Stadium Auto, Inc. v. Loya Ins. Co.*, 440 S.W.3d 772, 775 n.2 (Tex. App. 2013); *see also* TEX. INS. CODE §§ 541.056–541.058.  Because Section 541.058 creates a *defense* to liability rather than an independent cause of action, the Court assumes Sutton Place meant to cite Section *542*.058, which governs delays in claim payment.  *See* TEX. INS. CODE § 542.058.

B.   **Breach of Contract**

To validly plead a breach of contract claim under Texas law,[5] the plaintiff must allege that:

(1)   A valid contract exists;

(2)   The plaintiff performed or tendered performance as the contract required;

(3)   The defendant breached the contract by failing to perform or tender performance as the contract required; and

(4)   The defendant's breach damaged the plaintiff.

*E.g.*, *USAA Tex. Lloyds Co v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

According to Amguard, the Complaint lacks well-pleaded allegations that AmGuard breached the Policy. Mot. at 4–5 (arguing that Sutton Place has failed to "provide particularized pleadings showing Plaintiff's alleged loss or losses were covered under" the Policy or identify which "acts and/or omissions of Defendant . . . allegedly amount to a breach").

Ordinarily, the Court would examine the Policy's language to assess whether the Policy covers the alleged losses, determine the insurer's obligations under the Policy, and evaluate whether the complaint contains well-pleaded facts that the insurer failed to satisfy those obligations. The Court cannot do that here because Sutton Place did not attach a copy of the Policy to its Complaint or otherwise quote the Policy's applicable provisions. *See* Compl.

Nevertheless, the Court cannot dismiss Sutton Place's breach of contract claim solely because Sutton Place failed to attach the Policy to the Complaint. The Federal Rules of Civil Procedure do not require a plaintiff in an insurance coverage dispute to attach the insurance

---

[5] The parties appear to agree that Texas law governs Sutton Place's claims in this action. *See* Compl. at 4–5 (referencing provisions of the Texas Insurance Code); Mot. at 4 n.18, 5, 6 n.19. The Court will therefore evaluate Sutton Place's breach of contract claim under Texas law. *See, e.g.*, *Allstate Ins. Co. v. Disability Servs. Sw. Inc.*, 400 F.3d 260, 263 (5th Cir. 2005) (applying Texas law in a diversity case where "the parties agree[d] that Texas law applie[d]").

contract to its pleadings. *See, e.g.*, *Williams v. Scottsdale Ins. Co.*, No. 19-60736, 2019 WL 7708504, at *2 (S.D. Fla. June 17, 2019); *Hamilton v. State Farm Mut. Auto. Ins. Co.*, No. 8:13-cv-2107, 2013 WL 5231483, at *1–2 (M.D. Fla. Sept. 16, 2013); *see also* FED. R. CIV. P. 10(c) (providing that *if* a plaintiff attaches "[a] copy of a written instrument" as "an exhibit to a pleading," that document "is a part of the pleading for all purposes").

Even though Sutton Place need not attach the Policy to its pleadings, Sutton Place still bears the burden to allege non-conclusory factual allegations regarding AmGuard's obligations under the Policy and how AmGuard breached them. *See Mazaiwana v. Progressive N. Ins. Co.*, No. 3:19-cv-444, 2020 WL 6882644, at *1 (E.D. Va. July 30, 2020) (dismissing breach of contract claim where insured neither "attach[ed] a copy of his insurance policy to the complaint" nor cited "any provisions of the policy that [the insurer] allegedly breached," rendering the court unable to "discern whether any legally enforceable obligation exist[ed] or whether [the insurer] breached that obligation").

The Complaint is far too skeletal to state a valid breach of contract claim. It does not suffice to flatly assert, as Sutton Place does,[6] that the Policy covers the losses at issue, as that is one of the elements of Sutton Place's *prima facie* case that Sutton Place must allege well-pleaded facts to support. *See, e.g.*, *Arnold*, 979 F.3d at 265 n.1 (stressing that "legal conclusions couched as facts are not taken as true"). Nor does the Complaint specify how AmGuard breached its obligations under the Policy. While the Complaint asserts that AmGuard "failed to timely and adequately tender payment under the Policy," it does not specify whether AmGuard (1) denied

---

[6] *See* Compl. at 3 (alleging that AmGuard failed "to timely provide adequate payment for a clearly covered loss" under the Policy); *id.* (asserting that "[c]overage under the [P]olicy remains available"); *id.* at 4 ("At all times pertinent hereto, Amguard Insurance provided insurance coverage for the matters, risks, and things involved herein."); *id.* ("[B]ased upon information and belief, the Policy contained a Storm and Windstorm and Duties in The Event of Loss Or Damage endorsement that created coverage for all the damage sustained at the Commercial Property . . . .").

Sutton Place's claims, (2) accepted Sutton Place's claims but paid less than that to which Sutton Place believes itself entitled, or (3) failed to act on Sutton Place's claims at all. *See* Compl. at 3–4. Without knowing what the Policy required AmGuard to do or how AmGuard flouted those obligations, the Court cannot evaluate whether AmGuard breached the parties' contract. The Court thus **DISMISSES** Sutton Place's breach of contract claim.

## C.     Bad Faith Claims Adjusting

Sutton Place also accuses AmGuard of "bad faith claims adjusting." *Id.* at 4. The Court construes this claim as a common law cause of action for breach of the duty of good faith and fair dealing. *See, e.g.*, *Weyerts v. S. Farm Bureau Life Ins. Co.*, No. P:19-CV-19, 2020 WL 6325726, at *2 (W.D. Tex. Sept. 14, 2020) (suggesting that "bad faith" and "breach of the duty of good faith and fair dealing" are synonymous).

"The Texas Supreme Court has recognized a duty on the part of insurers to deal fairly and in good faith with their insureds." *Id.* at *2 (quoting *Bates v. Jackson Nat'l Life Ins. Co.*, 927 F. Supp. 1015, 1021 (S.D. Tex. 1996)). That duty applies "both in the processing of a claim and in the ultimate coverage decision." *Mid-Continent Cas. Co. v. Eland Energy, Inc.*, Nos. 3:06-CV-1576, 3:06-CV-1578, 2009 WL 3074618, at *27 (N.D. Tex. Mar. 30, 2009).

To plead a "breach of the duty of good faith and fair dealing against an insurer," the insured must allege that the insurer "denied or delayed payment of a claim" *and* that "the insurer knew or should have known that it was reasonably clear that the claim was covered."[7] *Smith W. Tex. Props., Ltd. v. Allied Prop. & Cas. Ins. Co.*, No. 18-CV-137, 2020 WL 6365537, at *9 (W.D. Tex. Sept. 29, 2020) (quoting *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex.

---

[7] An insurer may also "breach its duty of good faith and fair dealing by failing to reasonably investigate a claim." *Jajou v. Safeco Ins. Co. of Ind.*, No. SA-20-CV-00839, 2022 WL 220391, at *5 (W.D. Tex. Jan. 24, 2022) (quoting *Giles*, 950 S.W.2d at 56 n.5). Here, however, the Complaint contains no allegations that AmGuard failed to conduct a reasonable investigation. *See generally* Compl.

1997)).  The mere "[e]rroneous denial of a claim does not subject an insurer to bad faith liability."  *Id.* (citing *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993)).  Thus, "[e]vidence establishing only a bona fide coverage dispute does not demonstrate bad faith."  *Weyerts*, 2020 WL 6325726, at *2 (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998)).

The Complaint lacks any well-pleaded facts suggesting that AmGuard denied or delayed payment of Sutton Place's claim in bad faith.  *See generally* Compl.  At most, Sutton Place asserts merely that AmGuard failed to pay funds to which Sutton Place believes itself entitled under the Policy.  *See id.* at 3–4.  Those allegations are equally consistent with the possibility that the parties had a bona fide dispute over whether the Policy covered Sutton Place's losses.  *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (cleaned up) (quoting *Twombly*, 550 U.S. at 557).  The Court accordingly **DISMISSES** Sutton Place's "bad faith claims adjusting" claim.

D.  **Negligent Claims Adjusting**

The Court agrees with AmGuard that "Texas does not recognize a claim for negligent claims handling or insurance adjustment."  *Pelletier v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:17-CV-177, 2017 WL 1378186, at *4 (N.D. Tex. Apr. 11, 2017) (citing *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 448 (5th Cir. 2011); *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir. 1993)); *see also, e.g.*, *Great Am. Ins. Co. of N.Y. v. Midland Chin Baptist Church, Inc.*, No. MO:20-CV-00025, 2021 WL 8697896, at *11 n.1 (W.D. Tex. Nov. 24, 2021).  The Court thus **DISMISSES** Sutton Place's "negligent claims adjusting" claim too.

### E.   Texas Insurance Code

Nor has Sutton Place stated a valid cause of action under Texas Insurance Code §§ 542.057, 542.058, or 541.152.

#### 1.   Section 542.057

Texas Insurance Code § 542.057 provides—with exceptions not relevant here—that "*if an insurer notifies a claimant . . . that the insurer will pay a claim or part of a claim*, the insurer shall pay the claim not later than the fifth business day after the date notice is made."[8] TEX. INS. CODE § 542.057(a) (emphasis added). The Complaint contains no allegation that AmGuard ever notified Sutton Place that it would pay all or part of Sutton Place's claim. *See generally* Compl. Sutton Place has therefore failed to plead non-conclusory allegations that AmGuard violated Section 542.057. *See Weidner v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:13-CV-263, 2014 WL 8494527, at *2 (E.D. Tex. Aug. 19, 2014) (holding that plaintiffs did "not state any facts to make [their Section 542.057] claim plausible" because plaintiffs did not allege that their insurer "notified them . . . that it was going to pay the claim or part of the claim").

#### 2.   Section 542.058

Texas Insurance Code § 542.058 "provides a cause of action against insurers who delay paying claims." *Agredano v. State Farm Lloyds*, 975 F.3d 504, 505 (5th Cir. 2020). With various exceptions, if a claimant timely provides an insurer "all items, statements, and forms

---

[8] Texas Insurance Code § 542.060 imposes liability for Section 542.057 violations. *See* TEX. INS. CODE § 542.060(a) ("Except as provided by Subsection (c), if an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable and necessary attorney's fees."); *see also Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512 (5th Cir. 2015) ("Section 542.060 provides the 'enforcement mechanism' for the statute's deadlines.") (quoting *Cox Operating, L.L.C. v. St. Paul Surplus Lines Ins. Co.*, 795 F.3d 496, 505 (5th Cir. 2015)).

reasonably requested and required under" Texas Insurance Code § 542.055, the insurer must pay the claim within 60 days (or, if another applicable statute imposes a different deadline, within that statutory period). TEX. INS. CODE § 542.058(a).

Section 542.055, meanwhile, specifies what an insurer must do when it "receives notice of a claim." *Id.* § 542.055(a). Within fifteen days,[9] the insurer must "acknowledge receipt of the claim," "commence any investigation of the claim," and—as particularly important here— "request from the claimant all items, statements, and forms that the insurer reasonably believes, at that time, will be required from the claimant." *Id.* The insurer "may make additional requests for information if during the investigation of the claim the additional requests are necessary." *Id.* § 542.055(b).

"Section 542.058 does not give rise to liability until . . . after the insured has provided 'all items, statements, and forms reasonably requested and required' by the insurer" under Section 542.055. *Partain v. Mid-Continent Specialty Ins. Servs.*, 838 F. Supp. 2d 547, 572 (S.D. Tex. 2012), *aff'd*, *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388 (5th Cir. 2014) (quoting TEX. INS. CODE § 542.058(a)); *see also John Hancock Life Ins. Co. v. Estate of Wheatley*, No. 4:18-cv-2869, 2020 WL 5646148, at *3 (S.D. Tex. Sept. 22, 2020) ("In order for the 60-day window to begin, the insurer must receive 'all items, statements, and forms reasonably requested and required under Section 542.055.'") (quoting TEX. INS. CODE § 542.058(a)). The Complaint contains no allegations that Sutton Place provided AmGuard all the items, statements, and forms that AmGuard requested under Section 542.055 and thereby started Section 542.058's 60-day

---

[9] "If the insurer is an eligible surplus lines insurer," the insurer instead has 30 business days to complete the actions Section 542.055 requires. TEX. INS. CODE § 542.055(a).

clock.[10] *See generally* Compl. While Sutton Place does allege that it "promptly reported" its losses to AmGuard, *id.* at 3, that merely establishes that Sutton Place provided AmGuard the *initial notice* that triggered AmGuard's obligation under Section 542.055 to *request* documents from Sutton Place; it does not establish that Sutton Place *subsequently provided* AmGuard any of the documents it requested. *See* TEX. INS. CODE § 542.055(a) (clarifying that the insurer's obligation to promptly "request from the claimant all items, statements, and forms" accrues "*after* the date an insurer receives notice of a claim") (emphasis added). Because the Complaint lacks any well-pleaded allegations that Section 542.058's 60-day clock ever even started, it necessarily lacks any well-pleaded allegations that AmGuard's 60-day deadline expired before AmGuard paid Sutton Place's claims. *See Tracy v. Chubb Lloyds Ins. Co. of Tex.*, Nos. 4:12–CV–042–A, 4:12–CV–174–A, 2012 WL 2477706, at *7 (N.D. Tex. June 28, 2012) ("[P]laintiffs have failed to state a claim based on section 542.058 because they have failed to allege the essential element that Chubb received all items, statements, forms, and any requested information to which it was entitled before expiration of a time limit for payment of the claim."); *Sanchez v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:21-cv-00401, 2021 WL 5636695, at *6 (S.D. Tex. Dec. 1, 2021) ("Plaintiff wholly fails to allege when he (or even that he) transmitted all items, statements, and forms . . . Accordingly, to the extent Plaintiff attempts to state a cause of action under § 542.058, such claim is DISMISSED."). The Court thus **DISMISSES** Sutton Place's Section 542.058 claim.

---

[10] Nor does Sutton Place allege that AmGuard failed to request any such items, statements, or forms, thereby relieving Sutton Place of the obligation to provide such documents. *See generally* Compl.; *see also Cox Operating, L.L.C v. St. Paul Surplus Lines Ins. Co.*, H–07–2724, 2014 WL 109397, at *3 (S.D. Tex. Jan. 10, 2014), *aff'd*, 795 F.3d 496 (5th Cir. 2015) ("Practically speaking, when an insurer fails to timely request information under Section 542.055, it waives the right to do so (and the additional benefits of requesting more time) and signals to the insured that it has all the information that it reasonably believes will be required from the insured.").

### 3. Section 541.152

Sutton Place lastly asserts that AmGuard "is in clear violation of Tex. Ins. Code § 541.152." Compl. at 3–4. However, Texas Insurance Code § 541.152 does not itself create a cause of action or impose a substantive obligation on insurers. *See* TEX. INS. CODE § 541.152(a). Rather, Section 541.152 creates a *remedy* for plaintiffs who prevail in an action under Chapter 541 of the Code, which prohibits certain unfair or deceptive trade practices in the insurance industry. *See id.* ("A plaintiff who prevails in an action under this subchapter may obtain: (1) the amount of actual damages, plus court costs and reasonable and necessary attorney's fees; (2) an order enjoining the act or failure to act complained of; or (3) any other relief the court determines is proper."); *Lon Smith & Assocs., Inc. v. Key*, 527 S.W.3d 604, 622 (Tex. App. 2017). Thus, AmGuard cannot "violate" Section 541.152 *per se*.

The Complaint does not identify any other provision of Chapter 541 that AmGuard has allegedly violated.[11] *See generally* Compl. Sutton Place instead bases its statutory claims on alleged violations of Chapter *542* (the Texas Prompt Payment of Claims Act), which "imposes procedural requirements and deadlines on insurance companies to promote the prompt payment of insurance claims." *Newton v. State Farm Lloyds*, No. 4:21-CV-00322, 2022 WL 2195464, at *6 (E.D. Tex. May 17, 2022); *see also supra* Sections II.E.1–2. The Court thus **DISMISSES** AmGuard's claim for damages under Section 541.152.

## F. Intentional and Negligent Infliction of Emotional Distress

Finally, the Court dismisses Sutton Place's intentional and negligent infliction of emotional distress claims. Because Sutton Place is a business entity rather than a natural person, it cannot experience the requisite emotional distress to support a claim under either theory. *See,*

---

[11] As noted above, the Complaint does cite Texas Insurance Code § 541.058, but that appears to be a typographical error. *See supra* note 4.

*e.g.*, *Haywood v. Chandler*, No. 12–02–00239, 2003 WL 22480560, at *6 (Tex. App. Oct. 31, 2003) ("[T]he trial court correctly granted summary judgment on the intentional infliction of emotional distress claim because the Association, as a fictional entity, is not capable of sustaining emotional distress . . . . [T]here is no feasible way a professional association, corporation, or partnership can experience mental suffering as a matter of law.").

### G. Leave to Amend

Ordinarily, when granting a Rule 12(b)(6) motion, courts freely grant plaintiffs leave to amend the complaint instead of dismissing the case entirely. *E.g.*, *Doe v. Baylor Univ.*, 313 F. Supp. 3d 786, 793 (W.D. Tex. 2018) ("[T]here is a strong presumption in favor of allowing amendment rather than dismissal, and '[l]eave to amend should be freely granted when justice requires.'") (quoting *Fin. Acquisition Partners, L.P. v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006)). A district court may nonetheless "refuse leave to amend if the filing of the amended complaint would be futile, *i.e.*, 'if the complaint as amended would be subject to dismissal.'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009)).

It does not appear that allowing Sutton Place to amend its complaint would be futile. The Court thus **GRANTS** Sutton Place **14 days** to amend its Complaint in a manner consistent with this Order.

### III. CONCLUSION

The Court **GRANTS** "Defendant's Rule 12(e) Motion for More Definite Statement, or in the alternative, Motion to Dismiss Under Rule 12(b)(6)" (ECF No. 11) **IN PART**.[12] The Court

---

[12] The Court **DENIES** the Motion **IN PART** to the extent it requests relief under Federal Rule of Civil Procedure 12(e). *See supra* note 1.

Case 3:22-cv-00164-DCG   Document 15   Filed 09/12/22   Page 13 of 13

- 13 -

**DISMISSES** all of the claims that Plaintiff Sutton Place 1 Townhouse c/o Dana Properties asserts in its "Complaint for Damages" (ECF No. 8).

The Court **GRANTS** Plaintiff leave to amend its complaint in a manner consistent with this Order on or before **September 26, 2022**.

**So ORDERED and SIGNED this 12th day of September 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**