UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **SUTTON PLACE 1 TOWNHOUSE C/O DANA PROPERTIES**, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | EP-22-CV-00164-DCG |
| **AMGUARD INSURANCE COMPANY D/B/A BERKSHIRE GUARD INSURANCE CO.**, | § § § § | |
| *Defendant*. | § § | |

## ORDER REQUIRING DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

On September 12, 2022, the Court dismissed Plaintiff Sutton Place 1 Townhouse c/o Dana Properties' claims against Defendant AmGuard Insurance Company d/b/a Berkshire Guard Insurance Co. Dismissal Order, ECF No. 15. The Court granted Sutton Place leave to amend its complaint to correct the pleading deficiencies the Court identified in its dismissal order. *Id.* at 1, 12-13. Sutton Place timely amended its complaint on September 26, 2022. 1st Am. Compl., ECF No. 18.

With exceptions not relevant here, Federal Rule of Civil Procedure 15(a)(3) provides that "any required response to an amended pleading must be made . . . within 14 days after service of the amended pleading." FED. R. CIV. P. 15(a)(3). Thus, AmGuard's deadline to file any "required response" to Sutton Place's amended pleading expired on October 11, 2022.[1] AmGuard did not file either an answer to the amended complaint or a renewed motion to dismiss Sutton Place's claims by that date.

---

[1] Fourteen days from September 26, 2022 is October 10, 2022. Because that day was a legal holiday, AmGuard's deadline expired the following workday. *See* FED. R. CIV. P. 6(a)(1)(C).

The Court acknowledges, however, that some district courts in this Circuit have ruled that if a plaintiff amends its complaint after the court dismisses the plaintiff's original complaint, a defendant may move to dismiss the amended complaint outside of Rule 15(a)(3)'s 14-day window because a motion to dismiss is not a "required response."[2]  If those courts are correct, then AmGuard hasn't necessarily missed its deadline to respond to Sutton Place's amended complaint.

The Court will not take a side on whether Rule 15(a)(3) imposes a 14-day deadline by which a defendant must move to dismiss a plaintiff's amended complaint after the court dismisses the plaintiff's original complaint.  Instead, the Court will exercise its authority to control its docket by imposing a deadline by which AmGuard must either answer Sutton Place's amended complaint or move to dismiss it.[3]

The Court thus **ORDERS** Defendant AmGuard Insurance Company d/b/a Berkshire Guard Insurance Co. to **ANSWER** or **OTHERWISE RESPOND** to Plaintiff Sutton Place 1

---

[2] *See, e.g.*, *Adidas Am. Inc. v. Shoebacca Ltd.*, No. 3:20-CV-03248, 2022 WL 2704051, at *1 (N.D. Tex. July 12, 2022) ("Shoebacca filed [a motion to dismiss] twenty-one days after adidas filed the amended complaint.  According to adidas, the motion runs afoul of Rule 15's command that 'any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.  However, a Rule 12 motion is not a required response, and Rule 12 dictates only that a party choosing to raise a defense in a Rule 12(b) motion must do so 'before pleading if a responsive pleading is allowed.'  Thus, for a Rule 12(b) motion, the text of the rules does not impose a deadline of fourteen days after service of the amended complaint.") (internal citations omitted); *Hoffman v. Jindal*, No. 12-796, 2014 WL 130981, at *3 (M.D. La. Jan. 10, 2014) ("Courts that have recently addressed the effect of an amendment on the timing of a motion to dismiss have found that Rule 15(a)(3)'s timing mandate is inapplicable . . . . Instead, the motion to dismiss should be governed by the time constraints imposed by Rule 12(b)(6), which requires that the motion be filed before pleading.").

[3] *See, e.g.*, *Casavelli v. Johanson*, No. CV-20-00497, 2020 WL 4732145, at *11 (D. Ariz. Aug. 14, 2020) (dismissing plaintiffs' complaint, granting plaintiffs leave to amend their pleadings, and setting 14-day deadline for defendants to answer or otherwise respond to plaintiffs' amended complaint); *Dempsey v. Ford*, No. 5:21cv134, 2021 WL 8533034, at *8 (N.D. Fla. Sept. 24, 2021) (similar); *Hogan v. N. Ind. Pub. Serv. Co.*, No. 2:19-CV-412, 2020 WL 2735718, at *7 (N.D. Ind. May 26, 2020) (similar); *see also, e.g.*, *Edwards v. Cass County*, 919 F.2d 273, 275 (5th Cir. 1990) ("The district court has broad discretion in controlling its own docket.").

Townhouse c/o Dana Properties' "First Amended Complaint" (ECF No. 18) by **October 27, 2022**.

      **So ORDERED and SIGNED this 13th day of October 2022.**

*[signature]*
_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**